IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOSE CORONADO,                 )
                                  )
             Petitioner,       )
                                  )
vs.                            )       Case No. 04-CV-817-HDC-FHM
                                  )
RON WARD, Director; and     )
ATTORNEY GENERAL OF THE    )
STATE OF OKLAHOMA,       )
                                  )
            Respondents.     )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2001-4931. Respondent filed a response (Dkt. # 6) to the petition, and has provided the state court records (Dkt. #s 6 and 7) for the Court's consideration in resolving Petitioner's claims. The records provided by Respondent include the complete trial transcript (3 volumes) and the complete transcript from the preliminary hearing (1 volume). Petitioner filed a reply (Dkt. # 17) to Respondent's response. Petitioner has also filed a motion for summary judgment (Dkt. # 20). For the reasons discussed below, the Court finds the petition for a writ of habeas corpus shall be denied. As a result, Petitioner's motion for summary judgment shall be declared moot.

### BACKGROUND

On August 27, 2001, Oklahoma Highway Patrol Trooper Eades received a call to assist with a vehicle that was reported to be driving erratically eastbound on the Turner Turnpike headed towards Tulsa. Trooper Eades stopped the vehicle as it exited the turnpike and entered Tulsa, based on suspicion that the driver was under the influence of drugs or alcohol. The vehicle was driven by

Petitioner Jose Coronado, a.k.a. Michael Sanchez. Petitioner's wife, Veronica Coronado, was in the front passenger seat and their two children were in the back seat of the car. Troopers Chapman and Humdy arrived as Trooper Eades was conducting a field sobriety test. While Trooper Eades obtained information from Petitioner, Trooper Chapman observed Mrs. Coronado "fidgeting" in the front seat of the stopped car. He looked in the car and observed two beer bottles on the floorboard. He then asked Mrs. Coronado to exit the car. Because she wore a large shirt, Trooper Humdy asked her to lift the shirt to search for possible weapons. She did not lift the shirt very high and instead, tightened it around her. He asked her to turn around. At that point, he observed a "brick" shaped object in the waistband of her pants. She indicated she had another "brick" in the front waistband of her pants. The bricks were wrapped in duct tape. Based on their training and experience, the troopers were suspicious that the bricks contained contraband. Both Petitioner and Mrs. Coronado were placed under arrest. While the troopers continued their investigation at the scene, Mrs. Coronado and Petitioner were placed together in the back seat of Trooper Humdy's patrol car which was equipped with audio and video recording devices. They remained there for about 1 and ½ hours and their conversation was recorded. Each "brick" recovered from Mrs. Coronado weighed 1.00 kilogram and tested positive for cocaine. See Dkt. # 6, attached copy of State's Exhibit 5.

As a result of these events, Petitioner and his wife were charged in Tulsa County District Court, Case No. CF-2001-4931, with Trafficking in Illegal Drugs. The trial court granted Petitioner's motion to sever and Petitioner and his wife were tried separately.[1] At the conclusion

---

[1]Veronica Coronado was tried by a jury and convicted of Trafficking in Illegal Drugs. She was sentenced to 10 years imprisonment. On appeal, the Oklahoma Court of Criminal Appeals determined that the weapons search was an overt violation of the Fourth Amendment, and that the Trooper had no authority to seize the package without a warrant. Therefore, the appellate court reversed the Judgment and Sentence with instructions to dismiss. See Coronado v. State, 79 P.3d

of his jury trial, Petitioner was found guilty as charged.  On March 20, 2002, the trial court

sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years

imprisonment.  Petitioner was represented at trial by attorney Gordon Edwards.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals

("OCCA").  On appeal, he was represented by attorney Lisbeth L. McCarty, and identified three (3)

propositions of error as follows:

> Proposition 1:  The prosecutor erred by defining reasonable doubt to the jury.

> Proposition 2:  Circumstantial evidence presented at trial failed to exclude all reasonable
> theories except that of guilt; therefore, the evidence was insufficient to
> convict appellant.

> Proposition 3:  Comments on appellant's right to remain silence (sic) were improper.

(Dkt. # 6, Ex. 1).  In an unpublished summary opinion, filed July 17, 2003, in Case No. F-2002-415,

the OCCA denied each of Petitioner's claims and affirmed the Judgment and Sentence of the trial

court.  See Dkt. # 6, Ex. 3.

Petitioner also filed an application for post conviction relief in the state district court,

alleging that his trial counsel provided ineffective assistance in failing to investigate witnesses and

evidence, failing to call witnesses, failing to challenge evidence and testimony, failing to request

discovery, and failing to challenge justification and scope of the traffic stop. Petitioner also claimed

he received ineffective assistance of appellate counsel.  See Dkt. # 6, Ex. 4.  By Order filed on July

26, 2004, the district court denied post-conviction relief.  See Dkt. # 6, Ex. 5, attached order.

Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals (Dkt. # 6, Ex.

5).  By order filed September 24, 2004 (Dkt. # 6, Ex. 6), the OCCA affirmed the district court's

---

311 (Okla. Crim. App. 2003).

denial of post-conviction relief.

On October 26, 2004, Petitioner filed his federal petition for writ of habeas corpus (Dkt. #

1).  In his petition, Petitioner seeks habeas corpus relief on the following grounds:

> Ground 1:    Numerous errors of trial counsel deprived petitioner of a full & fair hearing re: his rights under the U.S. Const. 4th Amend., which was ineffective assistance of counsel under the U.S. Const. 5th, 6th, & 14th amends.

> Ground 2:    Appellate counsel failed to raise meritorious issues warranting reversal, which was ineffective assistance of counsel under the U.S. Const. 5th, 6th, & 14 Amends.

> Ground 3:    Petitioner's right to be free of self-incrimination under the U.S. Const. Fifth Amend. was violated.

> Ground 4:    Petitioner's conviction is not supported by state's evidence, depriving Petitioner of due process, in violation of U.S. Const. Fifth & Fourteenth Amendments.

(Dkt. # 1).  In response to the petition, Respondent argues that ground 1 of the petition is

procedurally barred and that Petitioner is not entitled to habeas corpus relief on grounds 2, 3, or 4

under 28 U.S.C. § 2254(d). See Dkt. # 6.

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion

requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).

Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b)

is satisfied in this case.  In addition, the Court finds that Petitioner is not entitled to an evidentiary

hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be

4

applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In this case, the OCCA adjudicated grounds 3 and 4 on direct appeal and ground 2 on post-conviction appeal. Therefore, those grounds shall be reviewed pursuant to § 2254(d).

### 1. Ineffective assistance of appellate counsel (ground 2)

As his second proposition of error, Petitioner alleges that appellate counsel failed to raise meritorious issues warranting reversal. Petitioner refers to his state post-conviction application for his specific arguments regarding this claim. In his state application for post-conviction relief, Petitioner alleged that appellate counsel provided ineffective assistance of counsel in failing to raise claims of ineffective assistance of trial counsel on direct appeal.[2] He specifically argued in his state post-conviction proceeding that trial counsel provided ineffective assistance in failing to investigate witnesses and evidence, failing to call witnesses, failing to challenge evidence and testimony, failing

---

[2]Petitioner raises the claims of ineffective assistance of trial counsel omitted by appellate counsel as ground 1 in his petition. Those claims are discussed in Part C of this opinion.

to request discovery, failing to challenge justification and scope of traffic stop, and failing to submit the prosecution's case to adversarial testing.  See Dkt. # 6, Ex. 4.  The state district court held that Petitioner's ineffective assistance of trial counsel claim lacked merit, as follows:

> Petitioner's trial counsel acted as a reasonably competent attorney under the facts and circumstances of this case.  He filed a Motion to Reduce bond and was successful.  He obtained discovery.  He conducted a preliminary hearing where the State called three witnesses.  He cross-examined the State's witnesses and was afforded an opportunity to observe their demeanor and credibility.  He argued a Motion to Suppress at the preliminary hearing.  He filed a Motion to Suppress Extrajudicial statements and a Motion to Quash.  On December 12, 2001, he filed a Motion to Dismiss and Suppress with a brief and conducted a hearing on those motions on December 17, 2001.  On February 19, 2002, a hearing [was held] on counsel's Motion to Quash and sever (which was granted).  At trial counsel exercised five peremptory challenges during jury selection.  A reviewing court should indulge 'a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.' *Strickland*.

(Dkt. # 6, Ex. 4, attachment).   After finding that Petitioner failed to demonstrate ineffective assistance of trial counsel, the district court concluded that appellate counsel did not provide ineffective assistance in failing to raise the claims of ineffective assistance of trial counsel and that Petitioner had failed to establish that the results of his trial or direct appeal would have changed had the claims been raised.  See id.

After the state district denied his application for post-conviction relief, Petitioner appealed. The OCCA affirmed the district court's ruling, and found that Petitioner had "not established either that his appellate counsel's performance was deficient under prevailing professional norms, or that the outcome of his appeal would have or should have been different.  *Strickland, supra*.  Petitioner has also not established that he is factually innocent.  *Id.*"  (Dkt. # 6, Ex. 6).

To be entitled to federal habeas corpus relief on his claim of ineffective assistance of appellate counsel, Petitioner must demonstrate that the OCCA's adjudication of his claim was an

6

"unreasonable application" of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). <u>See</u> <u>United States v. Cook</u>, 45 F.3d 388, 392 (10th Cir.1995). The <u>Strickland</u> test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. <u>Strickland</u>, 466 U.S. at 687.  When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  <u>Id.</u>; <u>see also</u> <u>Parker v. Champion</u>, 148 F.3d 1219, 1221 (10th Cir.1998) (citing <u>United States v. Cook</u>, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. <u>Hawkins</u>, 185 F.3d at 1152; <u>see also</u> <u>Cook</u>, 45 F.3d at 394.

In this case, Petitioner argues that appellate counsel provided ineffective assistance in failing to raise a claim of ineffective assistance of trial counsel.  According to Petitioner, trial counsel provided ineffective assistance at the suppression hearing in failing to investigate and raise challenges to the traffic stop.  Specifically, Petitioner complains that trial counsel did not call either himself or his wife to testify at the suppression hearing, he did not question his wife prior to the suppression hearing, he failed to challenge the use of cell phone calls as reliable enough to justify the stop, he failed to challenge Trooper Eades' observation of weaving as sufficient to justify the stop, he failed to utilize evidence from Trooper Eades' video camera to challenge the stop, he failed to challenge Trooper Eades' own actions in contributing to the weaving, and he failed to challenge the investigative stop as pretextual based on "profiling" of Hispanic travelers. <u>See</u> Dkt. # 1, attached "Statement of Facts."

Since the principal allegation of Petitioner's Sixth Amendment ineffective assistance of trial counsel claim is his attorney's handling of the Fourth Amendment claim, Petitioner must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the result of the suppression hearing would have been different, to demonstrate actual prejudice. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Based on the record, the Court finds that Petitioner's claim of ineffective assistance of counsel fails because he has not demonstrated a reasonable probability that there would have been a different outcome at the suppression hearing. The record demonstrates that Trooper Eades was justified in stopping Petitioner. See Dkt. # 7, Tr. Trans. Vol. I at 150, 151-52, Vol. II at 5-6. Specifically, the Oklahoma Highway Patrol had received cell phone calls from people complaining that a white Cadillac was being driven erratically. See Dkt. # 7, Tr. Trans. Vol. I at 150, 167. Trooper Eades responded to a call to assist with a stop of the vehicle. He observed the white Cadillac as it exited the turnpike and testified that "[i]t was weaving from lane to lane. It was very erratic." Id., Vol. II at 5. Furthermore, as to Petitioner's claims based on counsel's failure to challenge evidence of the car's weaving, testimony at the preliminary hearing indicated that Petitioner impliedly acknowledged his erratic driving when he offered an unsolicited explanation to Trooper Eades: that he was using his cell phone. See Dkt. # 7, Tran. Prelim. Hr'g at 64, 80-81. In addition, the troopers involved in the stop testified that only Trooper Humdy's vehicle was equipped with a video camera. See Dkt. # 7, Tr. Trans. Vol. I at 163-64, Vol. II at 56. As a result, counsel could not be faulted for failing to obtain evidence from Trooper Eades' video camera since his patrol car was not equipped with a video camera. Lastly, Petitioner has failed to provide any evidence even remotely suggesting that this stop was based on "racial profiling." See United States v. James, 257 F.3d 1173 (10th Cir. 2001). Instead, the State produced ample evidence that

8

Petitioner's erratic driving prompted the stop.  Petitioner fails to identify what evidence he or his wife could have provided that would have altered the outcome of the suppression hearing. Because Petitioner has failed to demonstrate a reasonable probability that the result of the suppression hearing would have been different had trial counsel taken the steps identified by Petitioner, the Court finds Petitioner has failed to satisfy the prejudice prong of the <u>Strickland</u> standard as to trial counsel's performance at the suppression hearing.  Therefore, appellate counsel did not perform deficiently in failing to raise those claims.

Petitioner also claims that his trial counsel provided ineffective assistance in failing to request discovery regarding inducements or pressure used by the State to motivate his wife to change her statement concerning ownership of the drugs.  Significantly, however, Petitioner's wife did not testify at his trial. Therefore, evidence of the motivation for any change in his wife's story is irrelevant. Evidence of Petitioner's role in the transport of the drugs was in the form of the transcribed conversation he had with his wife while seated in Trooper Humdy's patrol car.  As discussed below, Petitioner's own statements were sufficient for a reasonable jury to conclude that he was knowingly in possession of cocaine.  Because Petitioner has failed to demonstrate a reasonable probability that the result of the trial would have been different, Petitioner has failed to satisfy the prejudice prong of the <u>Strickland</u> standard as to trial counsel's performance at trial. Therefore, appellate counsel did not perform deficiently in failing to raise those claims.

The Court concludes that Petitioner has failed to demonstrate a reasonable probability that there would have been a different outcome at either the suppression hearing or the trial had counsel taken the actions urged by Petitioner. <u>See</u> <u>Kimmelman</u>, 477 U.S. at 368, 390-91; <u>see also</u> <u>United States v. Owens</u>, 882 F.2d 1493, 1498 (10th Cir.1989).  Petitioner has failed to satisfy the <u>Strickland</u>

standard and his ineffective assistance of trial counsel claims are without merit.  As a result, appellate counsel did not provide ineffective assistance in failing to raise the ineffective assistance of trial counsel claims on direct appeal.

### 2. Sufficiency of the evidence (ground 4)

As his fourth proposition of error, Petitioner challenges the sufficiency of the evidence supporting his conviction of Trafficking in Illegal Drugs. He complains that the State solicited repeated translations of the tape recorded conversation in Spanish between himself and his wife/co-defendant and that the evidence of constructive possession required mere speculation and conjecture by the jury.  See Dkt. # 1.  In resolving Petitioner's challenge to the circumstantial nature of the evidence on direct appeal, the OCCA cited Richie v. State, 908 P.2d 268, 276 (Okla. Crim. App. 1995) and found that "the evidence presented at trial excludes every reasonable hypothesis except that of Appellant's guilt."  See Dkt. # 6, Ex. 3 at 2.

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

10

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility.  Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution,"  Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).   Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).   The Court must consider all the evidence, both direct and circumstantial, together with the reasonable inferences to be drawn from it. See United States v. Hager, 969 F.2d 883, 887 (10th Cir.1992) (citing United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir. 1986)). The evidence "must be substantial; that is, it must do more than raise a mere suspicion of guilt." Beachum v. Tansy, 903 F.2d 1321, 1332 (10th Cir. 1990). Circumstantial evidence alone may be sufficient to support a conviction. See Hager, 969 F.2d at 888. The circumstantial evidence required to support a verdict need not exclude every reasonable hypothesis other than guilt. Id. (citing United States v. Alonso, 790 F.2d 1489, 1493 (10th Cir.1986)). It "'must only reasonably support the jury's finding of guilt beyond a reasonable doubt.'" Id. (quoting United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991)). A conviction may not be sustained if it resulted only "from piling inference on top of inference" from the evidence. See

11

United States v. Horn, 946 F.2d 738, 741 (10th Cir.1991) (citing Direct Sales Co. v. United States, 319 U.S. 703, 711 (1943)). All reasonable inferences and credibility choices are made in favor of the jury's verdict. United States v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982). The jury in a case has the discretion to accept or reject whatever evidence it chooses. Hager, 969 F.2d at 888. The credibility of a witness and weight of his testimony are for the jury alone. Id. (citing United States v. Leach, 749 F.2d 592, 600 (10th Cir.1984)).

In resolving Petitioner's challenge to the sufficiency of the evidence on direct appeal, the OCCA applied a state-law standard of review, considering whether the evidence "excludes every reasonable hypothesis except that of Appellant's guilt." See Dkt. # 6, Ex. 3. The standard used by the OCCA is actually more onerous that the Jackson standard. See Romano, 239 F.3d at 1164. "Thus, if the evidence was sufficient to meet Oklahoma's stricter test, it would certainly also meet the Jackson standard." Id.

This Court looks to Oklahoma law for the substantive elements of trafficking in illegal drugs applicable to the sufficiency of the evidence standard. See, e.g., Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003); see also Jackson, 443 U.S. at 324 n. 16. At the time of Petitioner's offense, Oklahoma law provided the elements of Trafficking in Illegal Drugs, as follows: that defendant (1) knowingly, (2) possessed, (3) 28 grams or more of cocaine. Okla. Stat. tit. 63, § 2-415(C) (2000); see also OUJI-CR 6-13.

At Petitioner's trial, the State produced evidence demonstrating that on August 27, 2001, Highway Patrol Troopers found two (2) bricks of cocaine, each weighing 1 kilogram, concealed in the waistband of pants worn by Victoria Coronado, Petitioner's wife and passenger in the car driven by Petitioner. During the investigation at the scene of the traffic stop, Petitioner and Mrs. Coronado

were placed together in the back seat of a patrol car where their conversation in Spanish was recorded.   The recording was translated into English.   The jury viewed the videotape of the conversation and was provided a transcript of the conversation in English. See Dkt. # 7, Tr. Trans. Vol. II at 119, 126.  Respondent has provided a portion of the transcript given to the jury.  See Dkt. # 6, Ex. 7, attachment.  The transcript reflects that Petitioner was aware of the bricks of cocaine found on his wife.  The first thing he said to his wife was, "you didn't throw them away girl," and he repeatedly asked her, "what did you tell them?"  The transcript also evidences their attempt to ensure they were consistent in what they told the troopers concerning their trip. Petitioner's complaint that the State solicited "repeated translations" of the taped conversations is defeated by the fact that Petitioner's attorney had the recorded conversation translated by his own expert who testified that the substance of his translation and that provided by the State were basically the same. See Dkt. # 7, Tr. Trans. Vol. II at 144.

The transcript of the conversation between Petitioner and his wife gives rise to an inference that Petitioner was knowingly in possession of cocaine. The jury properly could have considered that evidence, together with other circumstantial evidence in the record, in finding that Petitioner had the requisite knowledge and possession to support his conviction of Trafficking.  The Court is convinced that the evidence is sufficiently probative to sustain the jury's finding that Petitioner was guilty of Trafficking in Cocaine.  The Court specifically rejects any argument by Petitioner that he is entitled to habeas corpus relief because he can posit theories of innocence consistent with the circumstantial evidence presented during his trial and for that reason, the evidence was insufficient to support his conviction. The circumstantial evidence required to support a verdict "'must only reasonably support the jury's finding of guilt beyond a reasonable doubt.'" Hager, 969 F.2d at 888

(quoting <u>United States v. Parrish</u>, 925 F.2d 1293, 1297 (10th Cir.1991)). The Court concludes that the evidence presented at Petitioner's trial was sufficient to sustain Petitioner's conviction of Trafficking in Illegal Drugs.  Therefore, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the sufficiency of the evidence for the conviction shall be denied.

### 3. *Prosecutorial misconduct -- improper comment on right to remain silent (ground 3)*

As his third proposition of error, Petitioner complains that prosecutor's questioning of Trooper Eades constituted improper comment on his right to remain silent.  <u>See</u> Dkt. # 1.  In reply to Respondent's response, Petitioner states that "[u]pon further study, and after consideration of the State's response, petitioner recognizes that Ground Three of the instant petition is without merit. Petitioner therefore voluntarily withdraws Ground Three."  <u>See</u> Dkt. # 17 at 6. In recognition of Petitioner's decision, the Court finds ground 3 shall be dismissed from this action.

## C.  Procedural Bar (ground 1)

Petitioner alleges in his first ground for relief that he did not have the effective assistance of trial counsel.[3] The issues raised in Petitioner's first ground were not presented to the OCCA on direct appeal.  Petitioner presented his ineffective assistance of trial counsel claims to the state courts for the first time in his post-conviction proceedings. The OCCA affirmed the denial of relief on Petitioner's ineffective assistance of trial counsel claims specifically finding that the claims could have been but were not raised on direct appeal, and that Petitioner had waived the claims.  <u>See</u> Dkt. # 6, Ex. 6 at 2.  In response to the petition, Respondent asserts that this Court should uphold the

---

[3]The Court has identified Petitioner's specific claims of ineffective assistance of trial counsel in adjudicating his claim of ineffective assistance of appellate counsel in Part B of this opinion.

procedural bar imposed by the OCCA as to Petitioner's claims of ineffective assistance of trial counsel. The Court agrees with Respondent that Petitioner's ground 1 is procedurally barred.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's first claim, challenging the effectiveness of Petitioner's trial counsel, is procedurally barred. The OCCA's procedural bar based on Petitioner's failure to raise the claims in a direct appeal is an "independent" state ground because it "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, as to the adequacy of the procedural bar imposed on Petitioner's claim of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain

15

an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)).  The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998).  In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in the instant case in light of the factors identified in English, the Court concludes that the procedural bar imposed by the state courts on Petitioner's ineffective assistance of trial counsel claim is based on grounds adequate to preclude federal habeas review. Petitioner was represented at trial by attorney Gordon Edwards. On appeal, Petitioner was represented by Lisbeth McCarty.  For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel at trial and on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism.  Id. at 1263-64.  Petitioner claims that his trial counsel provided ineffective assistance in failing to challenge the basis for the traffic stop, in failing to utilize the videotape from Trooper Eades' car to prove that the investigative stop had terminated prior to the discovery of the cocaine, and in failing to argue that Mrs. Coronado was pressured into implicating Petitioner.  As noted by Respondent, each of those claims can be resolved on the record alone. Furthermore, even if

16

Petitioner's claims in this case could not all be resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Although Respondent has alleged an independent and adequate procedural bar, Petitioner has not put the adequacy of Oklahoma's remand procedure at issue. As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claim of ineffective assistance of trial counsel is procedurally barred.

Because of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In this case, Petitioner alleges that appellate counsel provided ineffective assistance in failing

17

to raise the defaulted claims of ineffective assistance of trial counsel on direct appeal. (Dkt. #s1 and 17). It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. Carrier, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. Id. Furthermore, the ineffective assistance of appellate counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489. In Part B of this opinion, the Court determined that appellate counsel did not provide ineffective assistance in failing to raise the defaulted claims of ineffective assistance of trial counsel on direct appeal because the claims lack merit. Therefore, the Court concludes that Petitioner has not demonstrated cause for the procedural default of his ineffective assistance of trial counsel claims.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Although Petitioner asserts that he is actually innocent of the crime

18

for which he was found guilty, he has presented no new evidence in support of this assertion.  As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's ground 1, ineffective assistance of trial counsel. Coleman, 510 U.S. at 724.  Habeas corpus relief on that ground shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.	Ground 3 of the petition is **dismissed**.

2.	The remaining grounds in the petition for writ of habeas corpus (Dkt. # 1) are **denied**.

3.	Petitioner's motion for summary judgment (Dkt. # 20) is **declared moot**.

4.	A separate judgment shall be entered in this matter.

5.	The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 07-5124.

DATED THIS 28th day of August, 2007.

HONORABLE H. DALE COOK
Senior United States District Judge

19